UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| REGISTRY OF INTERPRETERS FOR THE DEAF, INC. *Plaintiff,* v. MCCANN ASSOCIATES HOLDINGS, LLC, d/b/a MCCANN ASSOCIATES, L.L.C. *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:15cv829 (LMB / MSN) |

## ANSWER OF MCCANN ASSOCIATES HOLDINGS, LLC

Defendant, McCann Associates Holdings, LLC ("McCann"), answers the numbered paragraphs of the Complaint filed by Plaintiff, Registry of Interpreters for the Deaf, Incorporated ("Plaintiff RID"), as follows:

### Parties

1. McCann is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Accordingly, the allegations are denied.

2. Admitted in part. Denied in part. It is admitted that McCann has a principal place of business in New Hope, Pennsylvania. It is denied that McCann is a "Pennsylvania corporation"; McCann further avers that it is a limited liability company organized under laws of Delaware.

### Jurisdiction

3. Denied. It is denied that a substantial part of the causes of action arose in this jurisdiction. By way of further answer, the allegations of this paragraph are conclusions of law to which no response is required.

**Facts**

4. McCann is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Accordingly, the allegations are denied.

5. McCann is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Accordingly, the allegations are denied.

6. Denied as pleaded. McCann avers that it is the creator, licensor and provider of software as a service.

7. Denied as pleaded because the Master Services Agreement Purchase Order, as a written document, speaks for itself. By way of further answer, McCann is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding RID's alleged purposes for entering into this contract. Accordingly, the allegations are denied.

8. Denied as pleaded because the Master Services Agreement Purchase Order, as a written document, speaks for itself. By way of further answer, McCann is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding RID's alleged proprietary materials. Accordingly, the allegations are denied.

9. Denied as pleaded because the Master Services Agreement Purchase Order, as a written document, speaks for itself.

10. Denied as pleaded because the Master Services Agreement Purchase Order, as a written document, speaks for itself regarding amounts due and the purposes of any payments.

11. Denied as pleaded because the Master Services Agreement Purchase Order, as a written document, speaks for itself.

12. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself.

13. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself.

14. Denied as pleaded. Specifically, McCann denies that any delay occurred in the completion of tasks to be completed by McCann or that pre-launch testing was a task to be performed by McCann.

15. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself. By way of further answer, McCann denies that there were "only 75 acceptable test center locations." By way of further answer, McCann avers that RID breached the parties' contract by unreasonably refusing to accept numerous compliant test centers offered by McCann.

16. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself. By way of further answer, McCann avers that RID breached the parties' contract by unreasonably refusing to accept numerous compliant test centers offered by McCann.

17. Denied as pleaded. By way of further answer, McCann denies that it failed to perform any of its contractual obligations. By way of further answer, McCann denies that RID properly communicated with McCann "numerous times" since July 2012 regarding any alleged issue under the parties' contract.

18. Denied as pleaded. By way of further answer, McCann denies that it failed to perform any of its contractual obligations. By way of further answer, McCann denies that RID

properly communicated with McCann on April 21, 2014 regarding any alleged issue under the parties' contract.

19. Denied as pleaded. By way of further answer, McCann denies that it failed to perform any of its contractual obligations.

20. Denied as pleaded because the referenced communications were in writings that speak for themselves.

21. Denied as pleaded. By way of further answer, McCann denies that it failed to perform any of its contractual obligations. By way further reply, McCann avers that the <u>Master Service Agreement Purchase Order</u> was terminated by RID by its February 24, 2015 correspondence and confirmed as terminated by McCann's March 25, 2015 reply correspondence.

22. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself. By way of further answer, McCann is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding RID's alleged damages. Accordingly, the allegations are denied.

23. Denied.

#### COUNT I
#### (BREACH OF CONTRACT)

24. Defendant McCann incorporates paragraphs 1-23 above by reference as though set forth fully herein.

25. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself.

26. Denied.

27. Denied.

28. Denied.

## COUNT II
### (UNJUST ENRICHMENT)

29. Defendant McCann incorporates paragraphs 1-28 above by reference as though set forth fully herein.

30. Denied as pleaded because the <u>Master Services Agreement Purchase Order</u>, as a written document, speaks for itself.

31. Denied.

32. Denied as pleaded. By way of further answer, McCann denies that it is obligated to return any money to RID.

33. Denied as pleaded. By way of further answer, McCann denies that it is wrongfully withholding any property belonging to RID.

34. Denied.

### **AFFIRMATIVE DEFENSES**

McCann alleges and asserts the following additional defenses undertaking the burden of proof only as to those defenses which are affirmative defenses under the law. In addition to the defenses asserted below, McCann specifically reserves all rights to assert any other or additional defenses that are now or may be available or appear during, or as a result of, the proceedings or further investigation in this action or have been plead in the prior filed and currently pending litigation in the Court of Common Pleas for Bucks County, Pennsylvania, <u>McCann Associates Holdings, LLC v Registry of Interpreters for the Deaf, Incorporated</u>, Civil Action 2015-02035 (B.C.C.P. March 19, 2015).

### **First Affirmative Defense**

RID fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

RID failed to prevent its damages.

### Third Affirmative Defense

RID's damages, if any, were not proximately caused by any act or failure to act by McCann.

### Fourth Affirmative Defense

RID's damages, if any, were caused by a third party over which McCann had no control or right to control.

### Fifth Affirmative Defense

RID's damages, if any, are unrecoverable because they are speculative.

### Sixth Affirmative Defense

McCann is entitled to a set-off against some or all of RID's damages, if any.

### Seventh Affirmative Defense

RID's claims are barred, in whole or in part, by estoppel.

### Eighth Affirmative Defense

RID's claims are barred in whole or in part by RID's material breach of the contract, including breach of its implied obligation of good faith and fair dealing.

### Ninth Affirmative Defense

RID's claims are barred, in whole or in part, by RID's fraudulent inducements and misrepresentations.

### Tenth Affirmative Defense

RID's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eleventh Affirmative Defense

RID's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### Twelfth Affirmative Defense

RID's claims are barred, in whole or in part, by its failure to mitigate damages, if any.

### Thirteenth Affirmative Defense

The Court lacks *in personam* jurisdiction over McCann.

### Fourteenth Affirmative Defense

RID's claims are barred, in whole or in part, by accord and satisfaction.

WHEREFORE, McCann respectfully requests that the Court enter judgment in its favor, and against RID, on all claims and award McCann the costs of this action, its attorneys' fees and such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

McCann demands a trial by a jury as to all such issues so triable.

Dated: July 3, 2015

Respectfully Submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
craig.reilly@ccreillylaw.com
THE LAW OFFICE OF CRAIG C. REILLY
111 Oronoco Street
Alexandria, Virginia 22314
Tel: (703) 549-5354
Fax: (703) 549-5355
*Counsel for Defendant*
*McCann Associates Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July 2015, a true and correct copy of the foregoing pleading or paper was served through the ECF system on Plaintiff's attorneys of record as follows:

> Sarah A. Belger
> Todd S. Rouse
> MCGUIRE WOODS, LLP
> 1750 Tyson Blvd., Suite 1800
> Tysons Corner, VA 22102
> *Counsel for Plaintiff*

> /s/ Craig C. Reilly
> Craig C. Reilly, Esq. (VSB # 20942)
> craig.reilly@ccreillylaw.com
> THE LAW OFFICE OF CRAIG C. REILLY
> 111 Oronoco Street
> Alexandria, Virginia 22314
> Tel: (703) 549-5354
> Fax: (703) 549-5355
> *Counsel for Defendant*
> *McCann Associates Holdings, LLC*