IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| REGISTRY OF INTERPRETERS <br> FOR THE DEAF, INC., <br><br> Plaintiff, <br><br> v. <br><br> McCANN ASSOCIATES HOLDINGS, LLC, <br> d/b/a McCANN ASSOCIATES, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:15-cv-829 <br> )    (LMB/MSN) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT DISCOVERY PLAN**

Pursuant to the Court's Order dated June 30, 2015, Plaintiff Registry of Interpreters for the Deaf, Inc. and Defendant McCann Associates Holdings, LLC, by counsel, hereby submit this joint report in accordance with Fed. R. Civ. P. 26(f) and Local Rule 26(A).  Counsel for the parties certify that they have conferred prior to this conference to consider claims, defenses, possibilities of a prompt settlement, and to arrange for disclosures required by Rule 26(a)(1) pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

1. <u>Initial Disclosures:</u>  The parties agree that they will provide the initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before July 29, 2015.

2. <u>Assignment to Magistrate Judge:</u>  The parties do not consent to the assignment of a magistrate judge for trial.

3. <u>Settlement Possibility/Alternative Dispute Procedures:</u>  At the present time, the parties have not reached a settlement, but the parties do not rule out the possibility of a future settlement.  The parties believe that an early mediation conducted by the Magistrate Judge would be beneficial.

    4.    <u>Discovery Plan</u>:  The parties are not aware of any facts at this time that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Scheduling Order.  Both the Plaintiff and Defendant agree to the following:

    a.    The parties agree that the scope of discovery shall be limited to those topics permissible under Rule 26(b).

    b.    The parties anticipate that no one party will need to serve more than thirty (30) interrogatories, including parts and subparts, on any other party.  In the event that a party needs or desires to take non-party, non-expert depositions exceeding the five (5) allowed under the Court's Order of June 30, 2015, that party will file an appropriate motion seeking permission from this Court.

    c.    Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D), the party bearing the burden of proof as to any issue shall identify its expert witnesses, if any, on or before September 9, 2015.

    d.    Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D), the party not bearing the burden of proof as to any issue shall identify its expert witnesses, if any, on or before October 9, 2015.

    e.    Pursuant to Local Rule 26(D), the party bearing the burden of proof as to any issue shall identify its rebuttal expert witnesses, if any, on or before October 23, 2015.

    f.    The mandatory disclosures required by Fed. R. Civ. P. 26(a)(2) shall be provided on the dates set forth in subparagraphs 4(c) through 4(e) above.  The parties will reimburse the opposing party's expert for deposition testimony time, but not for preparation or travel expenses associated with the deposition.

        g.      No party shall propound written discovery requests on any other party after October 13, 2015, absent leave of court for good cause shown.

        h.      All discovery shall be completed by November 13, 2015, as set forth in the Court's Order of June 30, 2015.

5.      Post-discovery dispositive motions shall be filed at a time and date scheduled with the District Judge.

6.      The parties reserve the right to join additional parties in accordance with the applicable federal and local rules.

7.      The parties do not anticipate amendments to their responsive pleadings, but reserve the right to seek leave of court to make such amendments as soon as possible should discovery uncover information necessitating such amendments, or if additional parties are to be joined as discussed in paragraph 6 above.

8.      The parties have instructed their clients of their obligations regarding the preservation of discoverable information.

9.      <u>Discovery of Electronically Stored Information</u>:

Regarding Rule 26(f)(3), the parties have discussed the production of electronically stored information ("ESI") and have agreed that, at the producing parties' election and discretion, any production will be in either (i) PDF format, (ii) load files containing single-image TIFF files and text files with load data and meta-data fields agreed to by the parties, or (iii) in the format in which the ESI is kept in the ordinary course of business. To the extent that information contained in ESI is or becomes relevant to the proceedings, (e.g., metadata, or other embedded information), the parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form which does not unduly burden the either party. In the event

that the ESI exists only in a form readable via proprietary software, the producing party will identify the software by name, but is under no obligation to provide the requesting party access to use of that software in violation of the terms of use of any licensing agreements; it shall remain the sole obligation of the requesting party to obtain the necessary licenses or authorizations to view the native ESI data produced by the producing party.

10. <u>Inadvertent Disclosure</u>: The parties have agreed to the following "claw back" provision:

a. The unintentional production of any document or other information subject to protection by the attorney-client or other applicable privilege and/or the work product doctrine or by another legal privilege protecting such information/documents from discovery shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing of the unintentional production, promptly after the producing party discovers the inadvertent production. In accordance with Federal Rule of Evidence 502, the attorney client privilege or work product protection shall not be waived by inadvertent disclosure in this litigation.

b. Upon written notice of an unintentional production of a privileged document by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

4

    c. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved.

    d. If any receiving party is in receipt of a document or information from a producing party that the receiving party has reason to believe was unintentionally produced by the producing party, the receiving party shall in good faith take reasonable steps to notify the producing party of the production of that document so that the producing party may make a determination of whether such document was unintentionally produced.

    e. The party returning or destroying any unintentionally produced documents may move the Court for an order compelling production of some or all of the documents/information to be returned or destroyed, but the fact that the documents were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, shall not be a basis for compelling production, and the motion shall not include or reference the privileged contents of the unintentionally produced documents.

  11. <u>Claims of Privilege or Protection of Trial Preparation Material</u>: The parties anticipate the filing with the Court at a later time a Joint Protective Order for certain confidential, personnel, financial and personal information and testimony. The parties agree that a motion to file documents under seal must comply with Local Civil Rule 5, must be noticed for a hearing in open court, must state sufficient facts supporting the action sought and that each proposed order must include specific findings.

Pursuant to Fed. R. Civ. P. 26(b)(5), the parties agree that they will assert claims of privilege/protection through the use of privilege logs. The logs will set forth: (i) a description of any privileged document/thing to include any identifying number/label; (ii) its date (if known); (iii) author (if applicable) if known; (iv) its recipient(s), if any; and (v) the basis for the assertion of privilege/protection. Any such log(s) tendered shall either accompany any document production from which the responsive documents are being withheld, or be served promptly thereafter.

12. The parties agree to accept service by email for all pleadings, discovery requests or discovery responses. Solely for purposes of calculating the time to respond to the served item, items sent by email on a business day at or before 6 p.m. Eastern Time shall be deemed served that day; items sent by email after 6 p.m. or on a non-business day shall be deemed served the following business day. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via email in addition to the receipt of the NEF using the ECF system. For any portion of the pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by email. The parties agree that service by email shall be deemed equivalent to by hand delivery under Fed. R. Civ. P. 5(b)(2)(B), except with respect to briefing for dispositive motions. In the case of briefing for dispositive motions, the parties do not waive extra the three day period when served by email and the normal timing rules under Fed. R. Civ. P. 5(b)(2)(E) and 6(d) will apply. If the transmission of voluminous pleadings or other materials as an email attachment is impractical, then those materials either shall be served overnight delivery via a service with the ability to "track" deliveries and verify receipt or via an FTP site or other practical means of electronic

transfer. The parties agree to exchange electronic copies of discovery requests in Word format, along with copies in PDF format.

**REGISTRY OF INTERPRETERS FOR THE DEAF, INC.**
By Counsel

_____/s/_____
Sarah A. Belger (VA Bar No. 67947)
Todd S. Rouse (VA Bar No. 85113)
*Attorneys for Defendant Registry of Interpreters for the Deaf, Inc.*
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
Telephone: 703-712-5350
Facsimile: 703-712-5299
Email: sbelger@mcguirewoods.com
       trouse@mcguirewoods.com

**MCCANN ASSOCIATES HOLDINGS, LLC**
By Counsel

_____/s/_____
Craig C. Reilly, Esq. (VSB # 20942)
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
Email: craig.reilly@ccreillylaw.com
*Counsel for Defendant*
*McCann Associates Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig C. Reilly, Esq. (VSB # 20942)
The Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA  22314
Telephone: (703) 549-5354
Facsimile:  (703) 549-5355
Email:  craig.reilly@ccreillylaw.com
*Counsel for Defendant*
*McCann Associates Holdings, LLC*

　　　　　　　　　　　　　　　　　　　　　　/s/
Sarah A. Belger (VA Bar No. 67947)
*Attorney for Plaintiff Registry of Interpreters for the Deaf, Inc.*
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
Telephone:  703-712-5350
Facsimile:  703-712-5299
Email:  sbelger@mcguirewoods.com

69067986_1